USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/1/2020

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF ATVOS AGROINDUSTRIAL INVESTMENTOS S.A. UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM BANCO BILBAO VIZCAYA ARGENTARIA, S.A., INTESA SANPAOLO S.P.A., NEW YORK BRANCH, LONE STAR GLOBAL ACQUISITIONS, LTD, LONE STAR GLOBAL ACQUISITIONS, LLC, LONE STAR NORTH AMERICA ACQUISITIONS, L.P., LONE STAR GLOBAL ACQUISITIONS (NY), LLC, LONE STAR NORTH AMERICA ACQUISITIONS, LLC, LSF10 BRAZIL U.S. HOLDINGS, LLC, MUFG BANK, LTD., NATIXIS S.A., NEW YORK BRANCH, AND SUMITOMO MITSUI BANKING CORPORATION | Case No. 1:20-mc-00211-GBD<br><br>**PROTECTIVE ORDER** |

STEWART D. AARON, United States Magistrate Judge:

WHEREAS, this Court granted an Application by Atvos Agroindustrial Investimentos S.A. ("Atvos Investimentos") for an order pursuant to 28 U.S.C. § 1782 to take discovery from Respondents Banco Bilbao Vizcaya Argentaria, S.A.; Intesa Sanpaolo S.p.A., New York Branch; MUFG Bank, Ltd.; Natixis S.A., New York Branch; and Sumitomo Mitsui Banking Corporation, (collectively the "Lender Respondents"), for use in a foreign proceeding;

WHEREAS, Atvos Investimentos served subpoenas for documents and testimony on the Lender Respondents;

WHEREAS, the undersigned issued an Opinion and Order on August 24, 2020, in which it was determined that Atvos Investimentos met the required standards to obtain discovery from the Lender Respondents "for use" in a proceeding in Brazil filed by LSF10 against Atvos Investimentos under Enforcement Claim No. 1039147-12.2020.8.26.0100 (which has been converted to an ordinary proceeding) on May 13, 2020 (the "LSF10 Proceeding");

WHEREAS, Atvos Investimentos and the Lender Respondents (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the production of materials by the Lender Respondents (individually " Producing Person" and collectively "Producing Persons") in response to the subpoenas;

WHEREAS, the Parties, through counsel, agree to the following terms;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. All Discovery Material shall be used solely for the purpose of preparing for and conducting Atvos Investimentos' defense of the LSF10 Proceeding (as defined above), including any appeal in that proceeding, and shall not be used by Atvos Investimentos for any other person for any commercial, business, competitive, or other purpose. Absent consent from the Producing Person, which shall be given solely in that Producing Person's discretion and only as to its own documents or information, no Discovery Material produced by such Producing Person may be used in connection with any other litigation, matter, or proceeding(s) other than the LSF10 Proceeding or any proceeding(s) which can be reasonably shown to arise from the LSF10 Proceeding. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information.

3. The Producing Party may designate as Confidential such portion of any Discovery Material the public disclosure of which is either restricted by law or may cause harm to the business, commercial, financial, or personal interests of the Producing Person and/or a third party to whom a duty of confidentiality is used, which may consist of, without limitation:

   (a) Financial information not publicly disclosed;

   (b) Material relating to ownership or control of any non-public company not publicly disclosed;

   (c) Business plans, product-development information, or marketing plans not publicly disclosed;

   (d) Any information of a personal or intimate nature regarding any individual;

   (e) Any information deemed private or restricted from disclosure under foreign law, including but not limited to, foreign data-privacy law; or

   (f) Any other category of information hereinafter given

confidential status by the Court.

4. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

5. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party or third party (the "Designating Party"). In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five (5) business days.

6. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

7. If a receiving party is served with a subpoena, document request, or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the Designating Party, in writing, immediately and in no event more than five days after receiving the subpoena or order. Such notification must include a copy of the subpoena, document request, or court order.

8. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

9. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Person may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

10. With respect to deposition transcripts, a Producing Person may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter

will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receiving the deposition transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. The entire deposition transcript will be treated as if it had been designated Confidential until 30 days after the transcript has been delivered.

11. If at any time, a Producing Person realizes that some portion(s) of Discovery Material that it had previously produced without limitation should be designated as Confidential, it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

12. No person subject to this Protective Order other than the Producing Persons shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    (a) the parties to the LSF10 Proceeding;

    (b) counsel retained specifically for the LSF10 Proceeding, including any paralegal, clerical and other assistant employed by such counsel and assigned to that matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to the LSF10 Proceeding, including computer-service personnel performing duties in relation to a computerized-litigation system;

    (d) any mediator or arbitrator that the Parties engage or is appointed in the LSF10 Proceeding, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Protective Order (translated if necessary into another language);

    (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (f) any witness who counsel for a party in the LSF10 Proceeding in good faith believes may be called to testify at trial or deposition in that matter,

provided such person has first executed a Non-Disclosure Agreement

in the form to be provided by the Producing Persons;

(g) any person retained by a party in the LSF10 Proceeding to serve as an expert witness or otherwise provide specialized advice to counsel in connection with that matter, provided such person has first executed a Non- Disclosure Agreement in the form attached hereto;

(h) stenographers engaged to transcribe depositions conducted in the LSF10 Proceeding; and

(i) the court in the LSF10 Proceeding, including any appellate court, and the court reporters and support personnel for the same.

13. Any Discovery Material that becomes part of an official judicial proceeding or that is filed with this Court is public. Such Discovery Material will be sealed by this Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such Discovery Material. If it becomes necessary to file Discovery Material with this Court, a party must comply with Local Civil Rule 5.1 by moving to file the Discovery Material under seal. Any filing under seal with this Court must also comply with this Court's Instructions Regarding Confidentiality and Sealing Documents, which is available on the Court website.

14. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 12(d), 12(f) or 12(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form attached hereto. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to counsel for the Producing Persons either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of in the LSF10 Proceeding, whichever comes first. Should any Party be asked to produce any Discovery Material in its possession in response to a lawful subpoena, document requests or compulsory process, or if it is required to produce by law or by any government agency having jurisdiction, such Party must give written notice to the Producing Person(s) as soon as reasonably possible.

15. Each person who has access to Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the appropriate Producing Person of the same and cooperate with that Producing Person to address and remedy the breach. Nothing herein

shall preclude the Producing Persons from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

17.   This Protective Order shall survive the termination of the LSF10 Proceeding, including any appeals thereto. Within 45 days of the final disposition of the LSF10 Proceeding, all Discovery Material and all copies thereof, shall be promptly returned to the appropriate Producing Person, or, upon permission of that Producing Person, destroyed.

18.   All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the Producing Person(s) consent(s) to such disclosure in writing.

19.   The restrictions imposed by this Protective Order may be modified or terminated only by further order of the Court.

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| */s/* Michael A. Sanfilippo | */s/* David N. Cinotti |
| Michael A. Sanfilippo | David N. Cinotti |
| Michael.sanfilippo@kobrekim.com | dcinotti@pashmanstein.com |
| D. Farrington Yates | Denise Alvarez |
| Farrington.yates@kobrekim.com | dalvarez@pashmanstein.com |
| E. Martin De Luca | PASHMAN STEIN WALDER HAYDEN, P.C. |
| Martin.deluca@kobrekim.com | Court Plaza South |
| KOBRE & KIM LLP | 21 Main Street |
| 800 Third Avenue | Suite 200 |
| New York, New York 10022 | Hackensack, New Jersey 07601 |
| Telephone: (212) 488-1200 | Telephone: (201) 488-8200 |
| Facsimile: (212) 488-1200 | Facsimile: (201) 488-5556 |
| | |
| *Attorneys for Petitioner Atvos Agroindustrial Investimentos S.A.* | *Attorneys for Respondents Intesa Sanpaolo S.p.A., New York Branch; MUFG Bank, Ltd.; Natixis S.A., New York Branch; Sumitomo Mitsui Banking Corporation; and Banco Bilbao Vizcaya Argentaria, S.A.* |

**IT IS SO ORDERED.**

Dated:   October 1, 2020

_____
STEWART D. AARON
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF ATVOS AGROINDUSTRIAL INVESTMENTOS S.A. UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM BANCO BILBAO VIZCAYA ARGENTARIA, S.A., INTESA SANPAOLO S.P.A., NEW YORK BRANCH, LONE STAR GLOBAL ACQUISITIONS, LTD, LONE STAR GLOBAL ACQUISITIONS, LLC, LONE STAR NORTH AMERICA ACQUISITIONS, L.P., LONE STAR GLOBAL ACQUISITIONS (NY), LLC, LONE STAR NORTH AMERICA ACQUISITIONS, LLC, LSF10 BRAZIL U.S. HOLDINGS, LLC, MUFG BANK, LTD., NATIXIS S.A., NEW YORK BRANCH, AND SUMITOMO MITSUI BANKING CORPORATION | Case No. 1:20-mc-00211-GBD<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of the LSF10 Proceeding (Enforcement Claim No. 1039147-12.2020.8.26.0100), including any appeals in that proceeding, and that at the conclusion of that proceeding I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Name: _____

Date: